UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-91 (JR) |
| ) | |
| EXECUTIVE OFFICE OF UNITED ) | |
| STATES ATTORNEYS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, a federal inmate proceeding *pro se,* brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Defendants have filed a motion for summary judgment and plaintiff an opposition to the motion.  Based on the applicable law and the undisputed material facts, the Court will grant the motion and enter judgment in favor of defendants.

**Background**

On April 2, 2003, plaintiff sent a FOIA request to the Executive Office for United States Attorneys ("EOUSA") for "a copy of any and all government plea offers" offered to him through his attorneys.  Defendants' Motion for Summary Judgment ("Defts' Mot."), Declaration of John W. Kornmeier ("Kornmeier Decl."), Exhibit ("Ex.") A.  In his request, plaintiff noted that he was convicted in the Southern District of Florida.  *Id.*  On May 16, 2003, plaintiff clarified that his request was for "documents related to any and all proposed plea agreements, written or oral, during

1

plea discussions between my assigned counsels and the U.S. Attorney, hand written and typed." *Id.*, Ex. C.

Plaintiff's request was sent by the EOUSA to the United States Attorney's Office for the Southern District of Florida ("USAO") for the purpose of conducting a search for responsive records. Kornmeier Decl., ¶ 7.  On December 22, 2003, the EOUSA released to plaintiff eight pages in full and withheld one page in part pursuant to Exemption 7(C) of the FOIA.  *Id.*, ¶ 8 & n. 3; Ex. D. Plaintiff filed an appeal of this decision to the Office of Information and Privacy ("OIP").  *Id.*, Ex. E.  On July 26, 2004, the OIP affirmed the EOUSA's action on plaintiff's request.  *Id.*, Ex. F.  OIP also informed plaintiff that the EOUSA had conducted an another search and located three additional pages of records responsive to his request.  *Id.*  The three pages were withheld pursuant to FOIA Exemption 5.  *Id.*

Plaintiff filed this action on January 14, 2005.  The USAO conducted a further search for records pertaining to plaintiff in June, 2005.  Defts' Mot., Declaration of Carole M. Fernandez ("Fernandez Decl."), ¶ 11.  The USAO located a December 19, 1991 letter from an Assistant U.S. Attorney to plaintiff's counsel.  *Id.*  The EOUSA released the two-page letter in full to plaintiff on July 11, 2005.  Kornmeier Decl., ¶ 11.

**Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56 (c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment

bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *See id.; Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n. 13 (D.D.C. 1980). In a FOIA case, the court may award summary judgment solely on the basis of

information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)(internal citation and quotation omitted).

## Discussion

### Adequacy of the Search

To obtain summary judgment on the issue of the adequacy of the records search, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method

of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id*. at 127. The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby*, 920 F.2d at 68.

Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)(*citing Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). "If the requestor produces countervailing evidence placing the sufficiency of the identification or retrieval procedures in issue, summary judgment is inappropriate." *Spannaus v. Central Intelligence Agency*, 841 F. Supp. 14, 16 (D.D.C. 1993)(*citing Church of Scientology* v. *National Security Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979). It is plaintiff's burden in a challenge to the adequacy of an agency's search to present evidence rebutting the agency's initial showing of a good faith search. *See Maynard v. CIA*, 986 F.2d 547, 560 (2d Cir. 1993); *Weisberg*, 705 F.2d at 1351-52. Mere speculation as to the existence of records not located in the agency's search does not undermine the adequacy of the search. *See Weisberg*, 745 F.2d at 1485 (focus of

court's inquiry is on reasonableness of search, not whether undisclosed records may exist).

The USAO conducted a search to determine the location of all documents related to plaintiff. The search was performed by using a computer case tracking system, the Legal Information Office Network Systems ("LIONS"). Fernandez Decl., ¶5. The system enabled the USAO to retrieve all documents related to plaintiff's criminal prosecution. In addition, the USAO did a manual search of the card index file which was used for file tracking purposes prior to the implementation of LIONS. *Id.*

The location and breadth of the search was adequate under the FOIA and plaintiff has not made a compelling argument that there are other records pertaining to him that have not been retrieved. Therefore, the Court will now review the documents defendants claim are exempt from disclosure under the statute.

## Exemption 5

The FOIA exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. §552(b)(5). The exemption allows an agency to withhold materials that would be privileged from discovery in civil litigation. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975); *Tax Analysts v. IRS*, 294 F.3d 71, 76 (D.C. Cir. 2002). Exemption 5 encompasses three evidentiary privileges: the deliberative process privilege, the attorney-client privilege, and the attorney work-product doctrine. *Id.* The purpose of the attorney work-product doctrine is to protect documents prepared in "contemplation of litigation" and "provides a working attorney with a 'zone of privacy' within which to think, plan, weight facts and evidence" and express mental impressions and legal theories" without fear that the information will be disclosed in litigation. *Delaney, Migdail*

*& Young v. IRS,* 826 F.2d 124, 126 (D.C. Cir. 1987); *Coastal Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 864 (D.C. Cir. 1980).

Under this exemption, the EOUSA withheld an Assistant U.S. Attorney's handwritten notes prepared in the investigation and prosecution of Mr. Clark. Kornmeier Decl., ¶ 17. The notes discuss the plea agreement of a third party and record the Assistant United States Attorney's thoughts regarding the preparation and strategy for Mr. Clark's criminal case. *Id.* The Court finds that these records are protected by the attorney work product privilege. As such, the records are exempt from disclosure.

### Exemption 7 (C)

Exemption 7 (C) of the FOIA protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure " could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C). In order to properly withhold materials under this exemption, two components must be satisfied: (1) that the materials are law enforcement records and (2) that they would involve an invasion of a third party's privacy. *See Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982).

Under this exemption, the EOUSA withheld all information concerning third parties in three pages of an attorney's handwritten notes. *See* Kornmeier Decl., ¶ 19. The notes include a reference to a third party's plea agreement and contact information for the third party. *Id.* The EOUSA also redacted the name of a DEA agent. *Id.*, ¶ 20. The deletion of the names and identifying information of federal, state and local law enforcement personnel under this exemption has been routinely upheld. *See Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003); *see also Lesar v. United States Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980)(finding

legitimate interest in preserving identities of government officials where disclosure could subject them to annoyance or harassment in either their official or private lives); *Pray v. Dep't of Justice*, 902 F.Supp. 1, 3 (D.D.C. 1995)(possibility of animosity toward FBI agents outweighed any possible benefit of disclosure), *aff'd in relevant part,* 1996 WL 734142 (D.C. Cir. Nov. 20, 1996).  In addition, the names and identities of individuals of investigatory interest to law enforcement agencies and those merely mentioned in law enforcement files have been consistently protected from disclosure.  *See Perrone v. FBI*, 908 F.Supp. 24, 26 (D.D.C. 1995) (citing *Reporters Committee for Freedom of the Press*, 489 U.S. at 779); *Baez v. Dep't of Justice*, 647 F.2d 1328, 1338 (D.C. Cir. 1980); *Branch v. FBI*, 658 F.Supp. 204, 209 (D.D.C. 1987).

In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure.  *National Archives and Records Admin. v. Favish*, 541 U.S. 157, 171 (2004); *United States Dep't of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 773-75 (1989).  The FOIA records requestor must establish that (1) the public interest is a significant one; and (2) the information is likely to advance that interest.  *Favish*, 541 U.S. at 172.  The requestor must provide evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred.  *Id.* at 174.

It is the "interest of the general public, and not that of the private litigant" that the court considers in this analysis.  *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir. 1981) (citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir. 1975).  Plaintiff's desire for the information is irrelevant.  *See Reporters Committee*, 489 U.S. at 773.  "[T]he only public interest relevant for purposes of Exemption 7 (C) is one that focuses on 'the citizens' right to be informed about what their

government is up to.'" *Davis v. U.S. Department of Justice*, 968 F.2d 1276, 1282 (D.C.Cir.1992) (quoting *Department of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)). Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption 7 (C). *Blanton v. U.S. Dep't of Justice*, 63 F.Supp.2d 35, 45 (D.D.C. 1999)(quoting *Davis v. Dep't of Justice*, 968 F.2d at 1282). In the absence of any compelling evidence that the government agency has engaged in illegal activity, this type of information is exempt from disclosure. *See SPARC v. United States Postal Service*, 147 F.3d 992, 999 (D.C.Cir. 1998); *Vance v. FBI*, 46 F.Supp.2d 26, 33 (D.D.C. 1999).

Plaintiff has not identified any public interest in disclosure that outweighs the privacy interests of the third parties and the DEA agent. Defendants properly withheld the records under Exemption 7 (C).

## Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. *See Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b). A court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n. 4 (D.C. Cir. 1991) (quoting *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

Having reviewed the defendants' declaration, the Court concludes that the EOUSA has withheld only the records or portions of records exempt under FOIA's provisions, and that all

reasonably segregable material has been released. *See* Kornmeier Decl., ¶¶ 17, 20. With respect to these records, the agency declaration and attachments adequately specify "in detail which portions of the document[s] are disclosable and which are allegedly exempt." *Vaughn*, 484 F.2d at 827.

## Conclusion

The records withheld by defendants are exempt from disclosure under the FOIA. Based on the foregoing analysis, defendants' motion for summary judgment will be granted. An appropriate order accompanies this Memorandum Opinion.

_____
 JAMES ROBERTSON
 United States District Judge

DATE:   November 28, 2005