**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHARLES CLARK, | : |
|       Plaintiff, | : |
|   v. | : Civil Action No. 05-0091 (JR) |
| EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS, *et al.*, | : |
|       Defendants. | : |

**MEMORANDUM**

*Pro se* plaintiff Charles Clark sued the Executive Office of United States Attorneys and the Office of Information and Privacy (both within the Department of Justice) seeking documents related to plea negotiations between his defense counsel and the government. Dkt. #1. In November 2005, I granted summary judgment for the defendants after finding that their search was adequate and that the withholding of any documents was proper. Dkt. #27. The plaintiff appealed. After oral argument before a panel of the Court of Appeals, the defendants moved for voluntary remand in order to: "(1) conduct an additional search of the two boxes of documents containing [the plaintiff's] case file in the USAO; (2) conduct a search of the records of the Assistant U.S. Attorney who prosecuted the case; and (3) file a supplemental declaration(s) describing the additional searches, any responsive documents found, and any additional documents released." Dkt. # 41 ex. A. The panel

granted the motion and remanded for "proceedings consistent" therewith. Dkt. #51.

After performing new searches, the defendants turned over thirteen pages of responsive material and withheld a four-page draft plea agreement and two pages of handwritten notes as unsegregable attorney work product under Freedom of Information Act Exemption 5.  5 U.S.C. 552(b)(5).  Before the court is the defendant's motion for summary judgment, asserting that the searches were adequate and that Exemption 5 was correctly invoked.  Dkt. #47.  Opposing the motion, the plaintiff argues that the defendants have again failed to perform an adequate search and that the work-product doctrine does not apply to the withheld documents.  Dkt. #49.  Because the affidavits do describe an adequate search that complied with the remand order, and because the disputed documents were properly withheld, the motion for summary judgment will be granted.

An agency must conduct "a search reasonably calculated to uncover all relevant documents," *Morley v. C.I.A.* 508 F.3d 1108, 1114 (D.C. Cir. 2007), and provide "reasonably detailed affidavit[s], setting forth the search," *Iturralde v. Comptroller of Currency*, 315 F.3d 311 (D.C. Cir. 2003) (internal quotation omitted), and explaining why any document was withheld, *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir.1981), or why a record cannot be reasonably segregated, *Armstrong v. Executive*

*Office of the President*, 97 F.3d 575, 578 (D.C. Cir. 1996).  This court reviews an agency's withholdings *de novo*.  5 U.S.C. § 552(a)(4)(B).

**A. Adequacy of the Search**

The plaintiff concedes that the defendant has performed "the course articulated by the remand negotiations had at the appellate level," Opp. at 4, and, after reviewing the affidavits, I find that they sufficiently detail a reasonable search.  The plaintiff's grievance is that the agency did not find a proposed plea agreement referenced in a letter addressed to the plaintiff's counsel in 1991, Opp at 4; Dkt. 19-3, and he argues that the defendants should have looked elsewhere for the document, or conducted an investigation into whether the document has been removed, lost, or destroyed.  S*ee generally*, Opp. 4-15.  But neither adequate affidavits nor adequate searches can be rebutted by "purely speculative claims about the existence and discoverability of other documents."  *SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  "[I]t is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate . . . . [because] particular documents may have been accidentally lost or destroyed, or a reasonable and thorough search may have missed them."  *Inturralde*, 315 F.3d 315.

The plaintiff does not maintain "that the Department failed to search particular offices or files where the document might well have been found[,] . . . [or] that the [defendants] failed or refused to interview government officials for whom there was strong evidence that they might have been helpful in finding the missing documents," and "does not point to evidence that would indicate that at the time the [defendant] searched its files there was reason to believe that the [requested document] was in those files."  *Id.* (internal citations and quotations omitted).  "When a request does not specify the locations in which an agency should search, the agency has discretion to confine its inquiry to a central filing system if additional searches are unlikely to produce any marginal return . . . ." *Campbell v. U.S. Dept. of Justice*, 164 F.3d 20 (D.C. Cir. 1998). There is no indication that "obvious leads" turned up, *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321 (D.C. Cir. 1999), and Diaz stated that she is "not aware of any other records pertaining to Clark which may be responsive to his FOIA request other than . . . [those] contained in the criminal case file . . . ."  Diaz Decl. ¶¶ 5, 6.

**B. FOIA Exemption 5**

The statements in the Kornmeier declaration that the handwritten notes and plea agreement were prepared in anticipation of litigation and consist entirely of work product,

Kornmeier Decl. ¶¶ 12, 13, are adequate to find that these documents are covered by the work product doctrine, and that no reasonably segregable portion of these documents could be disclosed.  *See, Judicial Watch, Inc. v. Department of Justice,* 432 F.3d 366, 369 (D.C. Cir. 1997) ("Any part of [a document] prepared in anticipation of litigation, not just the portions concerning opinions, legal theories, and the like, is protected by the work product doctrine and falls under exemption 5.") (internal quotation omitted).  The plaintiff suggests no viable argument for his position that these documents were not properly withheld, nor does he make a "substantial showing of 'necessity or justification" to overcome [the doctrines] protections." *F.T.C. v. Grolier*, 462 U.S. 19, 24 (1993) (*citing Hickman v. Taylor*, 329 U.S. 495 (1947).

**Conclusion**

For the reasons set out above, the defendants' motion for summary judgment, Dkt, #47, will be **granted** in an order that accompanies this memorandum.


                                        JAMES ROBERTSON
                                   United States District Judge